UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RICKY A. HANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-1694-DFH-WTL |
| | ) | |
| THE CITY OF RUSHVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted.[1]

**Background**

As used in this Entry, "Hankins" refers to the plaintiff, Ricky A. Hankins, and "RPD" refers to the Rushville Police Department.

The Rush Circuit Court issued a writ of body attachment for Hankins on November 6, 2002. RPD Officer Dice learned of this on November 18, 2002. Dice checked with the records of the RPD and confirmed that the attachment was "active." Joined by RPD Officers Michael Jessup and Shawn Groxoc, Officer Dice went to the address listed on the warrant, 220 South Pearl Street in Rushville. Each of these officers traveled in a marked police vehicle, wore an official police uniform, and displayed an official badge, weapon and handcuffs. Each went to the Pearl Street address for the purpose of serving or assisting the other officers in serving the body attachment. Dice took a copy of the body attachment with her.

---

[1]"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*'"It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

Upon arriving at the Pearl Street address, Officers Dice and Jessup believed that Hankins was inside the residence. They formed this belief because they recognized a bicycle resting beside the front porch of the residence and knew from experience that the bicycle belonged to Hankins. While Officer Groxoc went to the rear of the residence, Officers Dice and Jessup went to the front door, knocked on it loudly, announced their presence and their purpose, and requested that Hankins come to the front door. They repeated this knock and announcement several times. The RPD dispatcher called Hankins' telephone number to contact him and request that he come to the door.

During this time, Officers Dice and Jessup heard shuffling within the residence and heard a television from a back room. They moved to the back of the residence, where they observed that the back door appeared to have been lodged shut. Because, therefore, Officers Dice and Jessup believed that Hankins was inside the residence and because he had not come to the door in response to their knocking, they concluded that Hankins was evading the police presence and purpose.

Officer Dice then forced the back door open and she and Officer Jessup entered the residence. Officer Dice again announced the presence of police, and Officers Dice and Jessup drew their handguns and kept them at a low-ready position, because both believed that Hankins was actively resisting. After another announcement by Officer Dice, Hankins responded and appeared in a room adjacent to the room where the officers were located.

At this time, Officer Dice pointed her weapon at Hankins and told him to show his hands. Hankins initially declined to show his hands, but did so upon a second request. Officer Dice saw a hammer on the counter directly beside Hankins. Hankins was instructed to turn around and place his hands behind his head. He was handcuffed. When Officer Groxoc, who had been outside the residence, saw Hankins in custody, he left the premises. Hankins was taken to the Rush County Jail. At no time did Officers Jessup, Groxoc and Dice search Hankins' residence.

## Discussion

The City of Rushville and Officers Jessup, Groxoc and Dice are named as defendants in Hankins' present suit. Hankins' claims are asserted pursuant to both 42 U.S.C. § 1983 and Indiana state law.

*Federal Claims.* "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

Several of Hankins' federal claims are brought pursuant to the Fourth Amendment of the United States Constitution. The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated."

- The first matter here is Hankins' arrest. In general, "an arrest pursuant to a valid warrant is presumptively made with probable cause." *Martinetti v. Town of New Hartford Police Dep't,* 112 F.Supp.2d 251, 252-53 (N.D.N.Y. 2000). The body attachment issued by the Rush Circuit Court was a valid warrant at the time Hankins was arrested, and he has shown nothing to the contrary.

- Hankins claims that the entry of the RPD officers into his residence was unlawful. However, "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives where there is reason to believe the suspect is within." *Payton v. New York,* 445 U.S. 573, 603 (1980).

- There is a dispute of fact as to whether force was used in the course of Hankins' arrest, but even so, a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989). The force used in making the seizure was not excessive.

- Hankins next claims that the RPD officers committed an unlawful search of his house. The evidentiary record, however, shows only that no such search occurred.

Any due process claim resting on Hankins' prosecution is equally without merit. "[T]he existence of a tort claim [of malicious prosecution] under state law knocks out any constitutional theory of malicious prosecution." *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001); *see also Penn v. Harris,* 296 F.3d 573, 576 (7th Cir. 2002). There is a tort of malicious prosecution under Indiana law. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001).

Hankins claims that one or more of the RPD officers failed to intervene in relation to the constitutional misconduct of one or more of the other officers. Omissions can violate civil rights, and "under certain circumstances a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001). In *Yang,* the Seventh Circuit summarized the responsibility to intervene:

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Yang,* 37 F.3d at 285 (citations omitted). The undisputed facts in this case show that the first element was not present, that the second element was not present, and that the third element was not present. In consequence, there is no merit to any failure to intervene claim which could be understood as asserted in Hankins' complaint.

The City of Rushville is also a defendant in this action. Municipalities are "persons" subject to suit under § 1983, but liability may be imposed only "when execution of [its] policy

or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978). In *City of Los Angeles v. Heller,* 475 U.S. 796 (1986), the Supreme Court held that a local government cannot be held liable for a constitutional deprivation allegedly brought about through an official policy or custom if a determination has been made that there was no constitutional violation committed by anyone in the first place. The analysis of Hankins' claims against the RPD officers shows that there was no violation of Hankins' federally secured rights in connection with his arrest. Thus, there can be no § 1983 claim against the City of Rushville. *See Escalera v. Lunn,* 361 F.3d 737, 749 (2d Cir. 2004) (holding that because there was no § 1983 claim against the individual police officer defendants the County was also entitled to summary judgment).

*State Law Claims.* The foregoing resolves Hankins' federal claims in the case. This court's jurisdiction over his pendent claims under Indiana law is conferred by 28 U.S.C. § 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998). "[W]hen deciding to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

This is an appropriate case in which to retain and exercise jurisdiction over Hankins' pendent claims under Indiana state law. *Miller Aviation v. Milwaukee County Bd. of Supervisors,* 273 F.3d 722, 731 (7th Cir. 2001) ("[W]hen the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim there is no use leaving the latter to the state court.") (quotation omitted).

The defendants maintain that the Indiana Tort Claims Act ("ITCA") shields them from liability. The relevant portion of the ITCA provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:
> . . .
> (8) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

IND. CODE § 34-13-3-3(8).

By its own terms, the ITCA exempts false arrest from its immunity coverage. Still, actual or arguable probable cause precludes a claim for false arrest. *Humphrey v. Staszak,* 148 F.3d 719, 725 (7th Cir.1998). Probable cause exists if the facts and circumstances known to the officer at the time justify a reasonable belief that the suspect had committed a crime or was committing a crime. *Conwell v. Beatty,* 667 N.E.2d 768, 775 (Ind.App. 1996); *Miller v. City of Anderson,* 777 N.E.2d 1100, 1104 (Ind.App. 2002). In this case, probable cause for Hankins' arrest was established through the body attachment itself. Thus, there is no claim under Indiana law as to which Hankins can prevail, nor is there even a triable question which would defeat the defendants' motion for summary judgment.

Conclusion

On the record before the court, a reasonable jury could not conclude that the defendants unlawfully entered or searched Hankins' residence, that they unlawfully arrested Hankins, that there was any failure to intervene which violated Hankins' federally secured rights, or that there was any violation of Indiana state law in the events which form the basis of Hankins' claims here. The defendants' motion for summary judgment is therefore **granted,** and judgment consistent with this Entry shall now issue. The costs of the action are assessed against Hankins.

Judgment consistent with this Entry shall now issue.

So ordered.

                                                                    *David F. Hamilton*
                                                                    DAVID F. HAMILTON, Judge
                                                                    United States District Court

Date:   8/30/2005